UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDA E. SCHWARTZ,<br><br>　　　　　Petitioner,<br><br>v.<br><br>JIM WOOLF, Warden of PWCC,[1]<br><br>　　　　　Respondent. | Case No. 4:09-CV-60-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus case is Respondent's Motion for Summary Dismissal. (Dkt. 10.) Petitioner has filed a Response and has been sent the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements." (Dkt. 13.) Petitioner has also filed a Motion to Grant Writ of Habeas Corpus. (Dkt. 17.) The motions pending before the Court are now fully briefed.

Having reviewed the record and state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

---

[1] Jim Woolf, current warden of the Pocatello Women's Correctional Center (PWCC), is substituted as the Respondent in this matter in place of Brian Underwood, who is no longer warden.

**MEMORANDUM DECISION AND ORDER -1**

# RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

1. **Standard of Law**

   Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. Summary dismissal is appropriate where it is evident from the petition that the claims have been procedurally defaulted and where dismissal would further the interests of comity, federalism, and judicial efficiency. *Boyd v. Thompson*, 147 F.3d 1124 (9th Cir. 1998). Summary dismissal of a habeas petition on statute of limitations grounds is permissible so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001) (sua sponte dismissal).

   The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.

   To calculate the statute of limitations deadline, a petitioner must determine when the state court judgment became final. The federal petition is due within one year of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

**MEMORANDUM DECISION AND ORDER -2**

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

## 2. State Court Filings

### A. *Entry of Judgment and Direct Appeal*

Petitioner Linda E. Schwartz (Petitioner) pled guilty to and was convicted of second degree murder in criminal proceedings in the Sixth Judicial District Court in Oneida County, Idaho. She was sentenced to fifteen years fixed with life indeterminate. Her judgment of conviction was entered on August 31, 2001. (State's Lodging A-1, pp. 87-90.) She filed a Rule 35 motion for reduction of sentence, which was denied. (State's Lodging B-1.)

Petitioner filed an appeal challenging the reasonableness of her sentence and denial of the Rule 35 motion for reduction of sentence. (State's Lodging A-1, pp. 92-93.) The Idaho Court of Appeals heard the direct appeal and affirmed the sentence and denial of the Rule 35 motion on August 15, 2002. (State's Lodging B-5.) Petitioner filed a

**MEMORANDUM DECISION AND ORDER -3**

petition for rehearing through counsel. The petition was dismissed for failure to file a supporting brief. (State's Lodgings B-6 & B-7.) The Court of Appeals issued its remittitur on December 30, 2002. (State's Lodging B-8.) Petitioner did not file a petition for review with the Idaho Supreme Court.

### B. *Post-Conviction Actions*

On September 2, 2003, within the one-year time period for filing a state post-conviction action, Petitioner wrote to the state district court seeking appointment of counsel to help prepare a post-conviction application. Counsel was appointed for Petitioner, and met with her in November 2003, but he failed to file a post-conviction application in time. He later filed a motion to extend the time period to file a post-conviction application on the grounds that he had wrongly assumed that a post-conviction application had been filed prior to his appointment. On May 5, 2005, the district court denied counsel's motion to extend the time to file a post-conviction application. (See State's Lodgings C-1; D-3, pp. 1-2.)

On May 12, 2006, Petitioner filed a post-conviction petition in state court. (State's Lodging C-1, pp. 1-31.) The petition was dismissed as untimely, a decision that was affirmed on appeal. (State's Lodgings C-1, pp. 56-62; D-3.) Petitioner then filed a petition for review with the Idaho Supreme Court, which was denied on May 8, 2008. (State's Lodging D-9.)

Petitioner's federal Habeas Corpus Petition in this action was filed nine months later, on February 10, 2009.

**MEMORANDUM DECISION AND ORDER -4**

### 3. Discussion of Statute of Limitations Issue

Based on the foregoing procedural history, Petitioner's judgment became final on December 30, 2002, when the Idaho Court of Appeals issued its remittitur on direct appeal. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Absent any statutory tolling for properly-filed state post-conviction applications, Petitioner's federal statute of limitations would have expired on December 30, 2003.

Petitioner filed nothing in state court that would have statutorily tolled the federal statute of limitations prior to the expiration date of December 30, 2003. Petitioner's post-conviction action, filed in 2006, was three years too late to toll the federal statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner was not entitled to tolling for state petitions filed after federal time limitation has run).

### 4. Equitable Tolling

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file a federal

Petition in time.

Respondent provided Petitioner with the proper standard of law for equitable tolling in the Memorandum supporting the Motion to Dismiss (Dkt. 10-12). Petitioner has provided a variety of arguments in support of equitable tolling.

As to the argument that Plaintiff is untrained in the law, the United States Court of Appeals for the Ninth Circuit has determined that ignorance of the law alone is not an appropriate ground for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006). Similarly, in the procedural default context, the Ninth Circuit has held that illiteracy, borderline mental deficiency, and reliance upon an incompetent jailhouse lawyer are not adequate grounds to show cause to excuse procedural default. *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-08 (9th Cir. 1986). Petitioner has not provided any specific facts showing that her lack of legal training would warrant application of equitable tolling. In addition, the Idaho Court of Appeals found that Petitioner "had the capacity and resources" to file legal pleadings during the relevant time period. (State's Lodging D-3.)

Petitioner also argues that her counsel was ineffective on appeal and in the state post-conviction actions. However, she fails to causally link the ineffectiveness of her state court counsel to the lateness of her *federal* Petition. *See Randle v. Crawford*, 604 F.3d 1047, 1055 (9th Cir. 2010) ("In this case, Randle has not suggested any such causal connection between his state-appointed counsel's failure to perfect a direct appeal timely and his own failure to file his federal habeas petition timely."); *Shannon v. Newland*, 410

MEMORANDUM DECISION AND ORDER - 6

F.3d 1083, 1087-88 (9th Cir. 2005) (rejecting a petitioner's argument that a decision by an intermediate state appellate court, which was subsequently overruled by the state supreme court, constituted an "impediment" to filing a federal habeas petition pursuant to section 2244(d)(1)(B) because notwithstanding the state appellate court's decision, the petitioner was "free to file such [a federal habeas] petition at any time").

Petitioner was appointed counsel to aid her in filing a state post-conviction petition in October 2003, two months prior to the expiration of the state post-conviction statute of limitations (and the federal habeas corpus statute of limitations), and counsel failed to file the state post-conviction in time. (See Petitioner's Motion, Exhibit, Dkt. 17, pp 6-7.) However, there are no facts showing why Petitioner could not have filed a federal habeas corpus petition or taken other steps in federal court to preserve her federal statute of limitations.

Equitable tolling requires both an extraordinary circumstance *and* diligence. *See Espinoza-Matthews v. California*, 432 F.3d 1021 (9th Cir. 2005). In *Espinoza-Matthews*, the Court outlines the many efforts the petitioner made to obtain his materials from the prison, as well as his motion for an extension of time to file his habeas corpus petition based on his inability to obtain his file. *Id.* at 1027-28.

Here, Petitioner could have requested an extension of time to file her federal petition, or she could have filed her petition under the ineffective state court process statute, § 2254(b)(1)(B)(I). What defeats Petitioner's claim that equitable tolling should be applied is that, despite the fact that her lawyer missed the original state post-conviction

**MEMORANDUM DECISION AND ORDER -7**

statute of limitations deadline, Petitioner never took any action specifically aimed at meeting or preserving her federal habeas corpus deadline.

Rather, all of her attention was aimed at her state court post-conviction actions. In addition, the Idaho Court of Appeals determined that Petitioner was *not* diligent in pursuing her state post-conviction action. (State's Lodging D-3.) Petitioner knew the factual and legal bases of her causes of action and knew the time for filing expired on December 30, 2003; she "had the capacity and resources" to file a pro se petition during the one-year time period; she sought counsel only a few months before the deadline; and she waited almost another full year between May 3, 2005 and April 26, 2006, before filing a successive post-conviction application. (*Id.*) In this action, she waited nine months between the Idaho Supreme Court's denial of petition for review on May 8, 2008, and the filing of her federal Petition on February 10, 2009.

It cannot be said that Petitioner's state-court problems *prevented* her from filing her federal habeas corpus petition or *caused* its lateness, because there is no indication in the record that, prior to December 30, 2003, Petitioner had an awareness of a federal statute of limitations, that she had an awareness of a federal remedy, or that she planned to file a federal habeas corpus action. The Ninth Circuit has held that where a petitioner was unaware of the federal statute of limitations, he was not entitled to equitable tolling or the state-created impediment provision based on the argument that the prison legal resource center had no case law interpreting the statute of limitations, because the element of "causation" was missing. *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1060 (2007).

**MEMORANDUM DECISION AND ORDER -8**

Petitioner's case cannot be distinguished from those cases where inmates have not qualified for equitable tolling when they have chosen to pursue post-conviction actions that later turn out to be improperly filed rather than taking some action in federal court to preserve their statute of limitations. *See White v. Martel*, 601 F.3d 882, 883-84 (9th Cir. 2010) (petitioner was not diligent when he took no protective measures in federal court once he knew state court post-conviction action was untimely).

Petitioner also alleges that her post-conviction appellate attorney, Diane Watkins, told her that she had exhausted all her state court remedies and was within the one-year period for her ineffective assistance of counsel claims. To establish equitable tolling, the inaction of counsel must amount to more than "a garden variety claim of excusable neglect," such as miscalculation of the deadline. *Holland v. Florida*, 130 S.Ct. 2549, 2563-64 (2010) (remanded to determine whether the inaction of counsel appointed to represent Petitioner in federal habeas corpus action was sufficient to constitute egregious circumstances).

Rather, the misconduct must rise to the level of "gross negligence" or something more that constitutes "extraordinary circumstances," in order to qualify as grounds for equitable tolling. *Id*. In addition, the attorney conduct must be the *cause* of the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003).

Attorney Diane Watkins was appointed to represent Petitioner on July 14, 2006. (State's Lodging C-1, p. 65.) Hence, the advice given by Watkins occurred approximately three years after the federal statute of limitations expired. The improper advice could not

**MEMORANDUM DECISION AND ORDER -9**

have caused Petitioner to miss a statute of limitations that had already expired.

**5. Conclusion**

The Court finds and concludes that Petitioner's Petition was filed well beyond the statute of limitations period and that equitable tolling does not apply.[2] The Court does not reach Respondent's argument that the claims in the Petition are also procedurally defaulted because an untimely petition cannot be heard. As a result, Petitioner's Motion to Grant Writ of Habeas Corpus will be denied and the Petition for Writ of Habeas Corpus will be dismissed with prejudice.

## REVIEW OF THE CLAIMS AND THE COURT'S DECISION
## FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

---

[2] The Ninth Circuit Court of Appeals recently has determined that there is no actual innocence exception to the statute of limitations. *Lee v. Lampert*, – F.3d. –, 2010 WL 2652505 (9th Cir. 2010) (there is no actual innocence exception to override AEDPA's statute of limitations).

different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the statute of limitations and equitable tolling issues, and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If she wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), within thirty (30) days after entry of this Order.

**MEMORANDUM DECISION AND ORDER -11**

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 10) is GRANTED.

2. Respondent's Motion for Exemption from Redaction Requirement (Dkt. 12) is GRANTED.

3. Petitioner's Motion to Grant Writ of Habeas Corpus (Dkt. 17) is DENIED.

4. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 8) is DISMISSED with prejudice.

5. The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.

6. The Clerk of Court shall substitute Jim Woolf for Brian Underwood as the proper Respondent in this case.

DATED: **July 30, 2010**

Honorable Edward J. Lodge
U. S. District Judge